John **JORDAN**, Plaintiff

v.

Ben **TAPPER**, D.O., et al., Defendant.

**Civ. No. 90–2593 (CSF).**

United States District Court,
D. New Jersey.

Aug. 11, 1992.

Roseanne Sellani, Cherry Hill, N.J., for plaintiff, John Jordan.

Joel Benjamin Korin, George & Korin, Woodbury, N.J., for defendant, Ben Tapper, D.O.

Yves C. Veenstra, Parker, McCay & Criscuolo, Marlton, N.J., for defendant, J. Dooling, R.N.

Robert Emil Paarz, Horn, Kaplan, Goldberg, Gorny & Daniels, Atlantic City, N.J., for defendant, Kenneth Schulner.

Richard A. Grossman, Grossman & Kruttschnitt, Brick, N.J., for defendant, Pauline Schultz.

John R. Orlovsky, Orlovsky, Moody & Gabrysiaik, W. Long Branch, N.J., for defendant, Gerald D. Hayken.

Louis J. Dughi, Jr., Dughi & Hewit, Mt. Laurel, N.J., for defendant, Harold W. Rushton.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court is an appeal brought by plaintiff, John Jordan (Jordan), from the order issued by Magistrate Judge Freda L. Wolfson on April 28, 1992, and entered on the docket on April 29, 1992, which denied plaintiff's motion to amend his complaint to add new defendants. On appeal, the plaintiff initially makes only one argument. Specifically, Jordan contends that because a denial of a Rule 15(c) motion is essentially "dispositive" as contemplated by 28 U.S.C. § 636(b)(1) and Rule 40A(2) of the General Rules of the United States District Court for the District of New Jersey, the magistrate judge did not have jurisdiction to issue an order denying amendment of the complaint. Accordingly, plaintiff wishes to withdraw his motion to amend because he has filed another action against the same parties opposing this appeal. It is the court's opinion that because the plaintiff failed to present this jurisdictional argument to the magistrate judge, the plaintiff has waived it and will be prohibited from asserting it before this court.

In his reply papers, plaintiff proffers an alternative argument and asks the court to review his appeal on the merits. Using the same argument concerning § 636 set forth

above, plaintiff urges the court to review the decision of the magistrate *de novo*. Alternatively, plaintiff asserts that even if the court employs a "clearly erroneous" standard of review the magistrate's order should be overturned. Because under either standard the plaintiff's motion to amend should be denied, the court will decline to examine plaintiff's § 636 argument and will affirm the order of the magistrate. Accordingly, for the reasons set forth below, plaintiff's appeal is denied.

Additionally, the proposed defendants have moved for sanctions under Rules 11 and 41 of the Federal Rules of Civil Procedure. The proposed defendants' motion for Rule 11 sanctions will be denied and their motion for Rule 41 sanctions will be stayed pending resolution of the motion to dismiss currently pending before the court in the related case captioned *Jordan v. Emergency Physicians Associates, P.A., et al.*, Civil Action No. 92–2421 (CSF).

## I. *Background*

This is a medical malpractice action filed in this court on June 28, 1990. Because discovery revealed that individuals and other entities not named in the original complaint might be liable to him, plaintiff sought to amend his complaint. Such motion was filed on June 16, 1991. The proposed defendants asserted the statute of limitations as a bar to amendment of the complaint. Oral argument was held on the matter on July 19, 1991, and again on October 7, 1991. After a number of delays, the court notified the parties that Rule 15(c) of the Federal Rules of Civil Procedure had been amended, effective December 1, 1991. Consequently, plaintiff withdrew his motion to amend under the old rule, and the parties submitted briefs in accordance with the revised rule. Oral argument was held on March 16, 1992, and the court denied plaintiff's motion on April 28, 1992.

On May 7, 1992, plaintiff filed a motion to vacate Magistrate Judge Wolfson's order. In support of the motion, plaintiff submitted an affidavit of counsel which contained argument of the facts and law in derogation of Rule 27(A) of the General Rules of the United States District Court for the District of New Jersey. Accordingly, the court rejected Jordan's initial submission and directed plaintiff to submit a brief in support of his appeal that comported with the local rules. Additionally, the court instructed the plaintiff that his brief must demonstrate that the magistrate judge's ruling was clearly erroneous or contrary to law, in accordance with 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a) and D.N.J.Gen.R. 40(D)(4)(a).

In response, plaintiff asserts that this standard is improper because, plaintiff argues, the statute does not permit a magistrate judge to deny a motion to amend to add new defendants. The crux of plaintiff's argument is that the denial of a motion to amend in accordance with Rule 15(c) is essentially "dispositive." This is true, plaintiff contends, because such denial "has a final effect on the rights of the parties" and "effectively bars the plaintiff from proceeding against the new defendants." Thus, plaintiff asserts that Rule 15(c) motions should be treated as dispositive motions within the intendment of 28 U.S.C. § 636(b)(1)(A) and Rule 40(A)(2) of the General Rules of the United States District Court for the District of New Jersey.[1]

---

1. 28 U.S.C. § 636(b)(1) provides:
    Notwithstanding any provision of law to the contrary—
    (A) A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
    (B) A judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion accepted in subparagraph (A), of applications for post-trial relief made by individuals convicted of criminal

Recognizing that motions to amend are not included in the eight explicitly enumerated categories of dispositive motions, plaintiff cites a recent Third Circuit case for the proposition that the district court should not construe the statute and local rule narrowly, but should look to the effect of a ruling on the rights of the parties. *See National Labor Relations Board v. Frazier,* 966 F.2d 812 (3d Cir.1992). Hence, plaintiff asserts that the initial motion to amend should have been heard by the district judge. Consequently, plaintiff argues that because the magistrate judge has exceeded the scope of the court's jurisdiction by ruling on a dispositive motion, the magistrate judge's April 28, 1992, 143 F.R.D. 575 order "is void *ab initio* or voidable for lack of subject matter jurisdiction." Accordingly, plaintiff contends that his pending motion to amend is without a decision. Thus, plaintiff requests the court to permit him to withdraw the motion to amend the complaint. Interestingly, plaintiff requests this relief because he has filed a separate action naming as defendants the same parties who are opposing this appeal.

## II. *Plaintiff's Jurisdictional Objection*

It should be noted that in his original motion plaintiff failed to request alternative relief. Specifically, plaintiff did not ask this court to treat the magistrate's April 29, 1992, order and opinion as a report and recommendation and review the order *de novo* or as a direct appeal and review the order employing the clearly erroneous standard. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72; D.N.J.Gen.R. 40(A)(2). It was not until

plaintiff submitted reply papers that such relief was requested.

Therefore, the single issue that was presented to this court concerned whether the magistrate judge has the power to determine a motion to amend in accordance with Rule 15(c) or whether such a motion is strictly within the province of the district court. It is the opinion of the court that because plaintiff did not raise this jurisdictional objection before the magistrate judge he has waived his right to assert it here.

■ It is established law in this circuit that, absent compelling reasons, the court of appeals will not address "issues not originally presented to the district court." *United Steel Workers of Am. v. New Jersey Zinc Co.,* 828 F.2d 1001, 1008 (3d Cir. 1987) (citing *Danny Kresky Enterprises Corp. v. Magid,* 716 F.2d 206, 214 (3d Cir. 1983); *Caisson Corp. v. Ingersoll–Rand Co.,* 622 F.2d 672, 680–81 (3d Cir.1980)). *See also Thomas v. Arn,* 474 U.S. 140, 147– 48, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985). This sound judicial policy prevents a litigant from taking an extra swing at the ball. Specifically, a litigant may not await the court's decision on the merits and, then, unhappy with the result below, raise a new issue on appeal. *United Steel Workers,* 828 F.2d at 1008. A similar rationale has been applied to require parties who are before a magistrate judge to raise any and all arguments before the magistrate, and not wait to raise new arguments before the district court. The court in *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.,* 747 F.Supp. 1299 (S.D.Ill.1990), explained:

---

offenses and of prisoner petitions challenging conditions of confinement.

Rule 40(A) of the General Rules for the United States District Court for the District of New Jersey provides:

A. Duties in Civil Matters

  1. Nondispositive Motions

Hear and determine any pretrial motion or other pretrial matter, other than those motions specified in subsection A.2 below, in accordance with 28 U.S.C. § 636(b)(1)(A) and Rule 72 of the Civil Rules....

  2. Dispositive Motions

Hear and conduct such evidentiary hearings as are necessary or appropriate and submit to

a Judge proposed findings of fact and recommendations for the disposition of motions for injunctive relief (including temporary restraining orders and preliminary injunctions), for judgment on the pleadings, for summary judgment, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, to involuntarily dismiss an action, for judicial review of administrative determinations, for review of default judgments, and for review of prisoners' petitions challenging conditions of confinement, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Civil Rules....

Common sense and efficient judicial administration dictate that a party should not be encouraged to make a partial presentation before the magistrate on a major motion, and then make another attempt entirely when the district judge reviews objections to an adverse recommendation issued by a magistrate. *Id.* at 1302 (citing 7 J. Moore, *Moore's Federal Practice* ¶ 72.04 [10.–2] at 72–71). This rationale is particularly persuasive in this matter.

The case before this court does not involve a new legal argument concerning the merits of amending the complaint under Rule 15(c) of the Federal Rules of Civil Procedure; instead, plaintiff, for the first time, challenges the power of the magistrate court to hear the motion. There is no doubt that if plaintiff truly objected to the jurisdiction of the magistrate to examine a Rule 15(c) motion, he should have raised the issue with the court below. Jordan did not, and, therefore, has waived his right to raise the issue here.

Arguing against a waiver bar, plaintiff's counsel claims that she did not know that the motion was to be submitted to the magistrate for a final determination. Counsel's assertion is contrary to the facts. It is readily apparent that there was extensive contact between the court and the litigants regarding the motion. This contact was necessitated by the change in the applicable rule and the various briefs submitted by the plaintiff to the magistrate in support of his motion. At no time since this motion was filed on June 16, 1991, did the plaintiff object to the jurisdiction of the magistrate to decide this motion.

Further, the court finds particularly troublesome plaintiff's assertion that "[p]laintiff was not on notice that the magistrate would enter into the record an order instead of the recommendation that is required under F.R.C.P. 72(b) [sic] until the order was mistakenly entered on April 29, 1992." Plaintiff's reply brief at p. 2.

There is no doubt that in this district motions to amend are decided by the magistrate.[2] Thus, plaintiff's contention that he did not submit this motion to the jurisdiction of the magistrate is fallacious.

Additionally, it should be pointed out that the plaintiff did not make a jurisdictional argument in his original "motion to vacate" filed on May 7, 1992. The plaintiff will not be permitted to make such an argument now.

Moreover, as previously noted, plaintiff's entire argument that the magistrate does not have the power to hear a Rule 15(c) motion is based on *N.L.R.B. v. Frazier*, a decision that was announced on June 15, 1992, almost two months after the court entered its order in this matter. If plaintiff genuinely objected to the magistrate's power to hear the motion he should not have had to wait for the idea to be triggered by a case decided well after plaintiff obtained an adverse decision on his motion. Therefore, because plaintiff has waived his opportunity to object to the jurisdiction of the magistrate to hear this motion, the court will not address plaintiff's § 636 argument.

### III. *Plaintiff's Motion to Amend*

Positing an alternative argument, plaintiff requests the court to review the substantive merits of the magistrate's decision. Relying on *Frazier*, plaintiff urges the court to employ a *de novo* standard of review rather than the "clearly erroneous" standard normally utilized in reviewing a magistrate's denial of a motion to amend the complaint. Because under both the clearly erroneous and the *de novo* standards of review the motion to amend will be denied, the court declines to evaluate plaintiff's § 636 argument; instead, the court will turn to the merits of plaintiff's motion to amend.

A brief recitation of the facts underlying the dispute will facilitate the determination of this motion. On June 29, 1988, plaintiff

---

2. It is common practice in the District of New Jersey for the district court to refer to the magistrate motions to name additional parties. *See Zeller Plastik, Cohen, Gravner v. Joyce Molding,* 698 F.Supp. 1204 (D.N.J.1988); *William Cohen & Son v. All American Hero, Inc.,* 693 F.Supp. 201 (D.N.J.1988).

suffered a cervical fracture following a diving accident and developed permanent quadripeligia. Immediately following the accident, plaintiff was transported to Zurbrugg Memorial Hospital's emergency room where he was treated until his transfer from the hospital sometime on June 30, 1988.

On June 28, 1990, plaintiff filed this medical malpractice action against defendants Ben Tapper, D.O., Zurbrugg, Velma Deppe, R.N., Lynn Costello, R.N., J. Dooling, R.N., Pat Edwards, R.N., and Kenneth Schulner, M.D. Also on that day, plaintiff filed a medical malpractice action in the New Jersey Superior Court, Burlington County, Law Division, and named fictitious parties as John Doe defendants. On February 22, 1991, however, plaintiff voluntarily dismissed the state court action.

On November 26, 1990, plaintiff learned that Dr. Tapper did not individually contract with the hospital but that he was employed by a contracting agency, Emergency Physicians Associates (EPA), which had contracted with Zurbrugg for Tapper's services. On April 10, 1991, plaintiff received the contract between EPA and Zurbrugg.

Based upon that contract plaintiff moved to amend his complaint to add as defendants, EPA, Dr. James George, President of EPA; Dr. Steven Oxler, Director of Emergency Services at Zurbrugg in 1988; Ronald Sexton, an agent of EPA; George Hartnett, President of Zurbrugg in 1988; and Kenneth Kozloff, a senior Vice President and Administrator of Zurbrugg in 1988. Essentially, plaintiff seeks to hold the proposed defendants liable for negligent hiring and or supervising of Dr. Tapper. The New Jersey limitations period for actions sounding in negligence is two years. N.J.S.A. § 2A:14–2. Thus, because plaintiff seeks to add new defendants after the period has run, the court must examine plaintiff's motion to amend his complaint under Rule 15(c) of the Federal Rules of Civil Procedure to determine if amendment is permissible.

The rule permits a plaintiff to amend his complaint to add a new party if the amendment of the pleading relates back to the date of the original pleading. The rule provides that an amendment of a pleading will relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth in the original pleading or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

Rule 15(c)(1) requires the court to look to state law to determine if relation back is permitted. Both parties agree that New Jersey Court Rule 4:26–4, the state rule governing fictitious party pleading will apply. The rule provides:

> In any action ... if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name stating it to be fictitious and adding an appropriate description sufficient to identify him....

N.J.Ct.R. 4:26–4.

Plaintiff asks the court to examine the complaint filed in the New Jersey Superior Court, Burlington County, Law Division on June 28, 1988, and dismissed on February 22, 1991, to determine if amendment should be permitted. A review of the complaint convinces the court that amendment should not be permitted.

■ The threshold question under Rule 4:26–4, inquires as to whether the complaint contains "an appropriate description sufficient to identify [the proposed defendant]." *See Farrell v. Votator Div. of Chemtron Corp.*, 62 N.J. 111, 119, 299 A.2d 394 (1973). An examination of the plaintiff's complaint reveals that the plaintiff failed to meet this threshold requirement. Plaintiff is seeking to add as individual defendants administrators of Zurbrugg Memorial Hospital for purported negligent supervision of the doctors who are alleged to have performed their duties negligently. Additionally, plaintiff is seeking to add as individual defendants the administrators of the agency that contracted with the hospital to provide the services of these same doctors. Despite plaintiff's contentions to the contrary, the complaint does not sufficiently identify these individuals. *See Lawrence v. Bauer Publishing & Printing Ltd.*, 78 N.J. 371, 376, 396 A.2d 569 (1979).

In support of his motion to amend, plaintiff points to count two of the complaint. The count, which does not contain a fictitious name as required by the rule, complains:

> Zurbrugg Memorial Hospital, its staff, agents, servants and employees negligently failed to exercise ordinary care and skill commonly exercised by institutions and professional employees of like kind. In addition to the foregoing and without in any way limiting same, plaintiff further says that the defendant Zurbrugg Memorial Hospital, Riverside Division was otherwise negligent in that it failed to use the required degree of care in that it (a) failed to provide proper supervision of the standard of medical care given in said institution; (b) failed to provide medical services consistent with regulatory and professionally accepted standards; (c) failed to provide proper supervision and procedures to insure the making of important test and diagnoses; (d) failed to provide proper supervision and procedures to insure that necessary consultations were provided; (e) failed to properly supervise and provide administrative procedures for selection, review and appointment of practitioners to the medical staff; (f) failed to provide a medical and nursing staff which would properly recognize the potential dangers and hazards associated with proper evaluation of a swimming/diving accident; (g) failed to provide a nursing and medical staff which would properly evaluate a developing catastrophe; (h) failed to supervise and/or take proper protective measures to safeguard against hazards and dangers associated with impending spinal cord compromise; and (i) failed to provide proper administrative supervision of nursing and medical care consistent with acute central nervous system accidents.

Complaint, count Two, ¶ 3. There is no doubt that count two contains an ample description of Zurbrugg Hospital's alleged negligence. There is also no doubt, however, that the complaint in no way implicates the proposed defendants in their individual capacities.

Further, a thorough review of the rest of the complaint does not indicate to the court that the proposed defendants were sufficiently identified as potential defendants. Consequently, because the plaintiff did not satisfy the threshold requirement of sufficiently identifying the proposed defendants so as to put them on notice that they may be liable in this action he may not invoke the benefit of Rule 15(c)(1) and amend his complaint.

■ Similarly, the plaintiff's motion to amend under Rule 15(c)(3) must fail. Under the rule, which assumes that the claim arises out of the conduct set forth in the original pleading,[3] the proposed party must have received notice of plaintiff's claim *and* the party must or should have known that but for a mistake concerning identity, the suit would have been brought against them. Fed.R.Civ.P. 15(c)(3). Thus, under the rule, for a plaintiff to amend his complaint to add a new defendant, the plaintiff may not merely have failed to sue the proposed party; rather, the plaintiff must

---

**3.** Fed.R.Civ.P. 15(c)(2).

have initially sued the wrong party and is attempting to correct the mistake. This is not the case here.

Jordan is trying to add new defendants instead of substituting a defendant because of a mistake concerning the identity of the proper party. The former purpose is not contemplated within the ambit of the rule while the latter purpose is specifically provided for. Accordingly, plaintiff's motion to amend under Rule 15(c)(3) is denied.

Having determined that plaintiff has waived his right to object to the jurisdiction of the magistrate to determine a Rule 15(c) motion, and having determined that the plaintiff will be prohibited from amending his complaint under Rule 15(c), the court must examine the proposed defendants' motion for sanctions under Rule 11. In support of their motion for sanctions, the proposed defendants argue that plaintiff's appeal is meritless warranting imposition of costs under Rule 11 of the Federal Rules of Civil Procedure.

## IV. *Proposed Defendants' Motion for Sanctions*

The intended goal of Rule 11 is accountability. *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 94 (3d Cir.1988). Specifically, it aims to discourage the submission of pleadings or papers that are " 'frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in subjective bad faith.' " *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 157 (3d Cir.1986) (quoting *Valdivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir. 1986)). The present rule exists as a warning to both counsel and clients alike that, prior to filing papers either to initiate an action or to conduct the litigation, they must "Stop, Look and Listen" or, as the circuit has phrased it, "Stop, Think, Investi-

gate and Research." [4] *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir.1987).

■ Rule 11 sanctions are triggered only in those situations which involve the signing of a paper in violation of the rule. *Teamsters Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68 (3d Cir.), *cert. denied,* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988); *Gaiardo,* 835 F.2d at 484. The current standard for determining whether a pleading or paper has been signed in contravention of Rule 11 is "reasonableness under the circumstances." *Gaiardo,* 835 F.2d at 482; *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir.1985). Despite the more stringent standard, however, a district court " 'is expected to avoid using the wisdom of hind sight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted.' " *Eavenson,* 775 F.2d at 540.

Moreover, the Third Circuit has repeatedly advised that Rule 11 sanctions are to be imposed only under exceptional circumstances. *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir.1988); *Gaiardo,* 835 F.2d at 483. Thus, the imposition of Rule 11 sanctions is appropriate only when the filing of papers with the court constituted "abusive litigation or misuse of the court's process." *Teamster's Local Union No. 430,* 841 F.2d at 68. The rule does not envision a wholesale shifting of attorney's fees and costs from the victor to the losing party in a dispute, absent some evidence of abusive litigation. *Mary Ann Pensiero, Inc.,* 847 F.2d at 94.

■ It is the court's opinion that plaintiff's appeal does not fall within the class of cases that warrant imposition of Rule 11 sanctions. Plaintiff has a right to appellate review of the magistrate's decision.

---

4. Prior to the 1983 revision of Rule 11, the rule was not effective in deterring abuses of the judicial system, because a showing of willfulness or bad faith was required. The amendments to the rule, however, deleted willfulness as a prerequisite to disciplinary action, thus making negligence and, sometimes, professional incompetence sanctionable under the appropri-

ate circumstances. *See Gaiardo,* 835 F.2d at 482; Advisory Committee Notes to Rule 11. It has been said that now "there is no room for a pure heart, empty head defense under Rule 11." Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 187 (1985).

Hence, sanctions cannot be imposed because plaintiff exercised that right. Thus, plaintiff's appeal does not constitute "abuse of litigation or misuse of the court's process." *See Teamsters Local Union No. 430*, 841 F.2d at 68. Accordingly, the proposed defendants' motion for Rule 11 sanctions is denied.

It should be noted that much of the proposed defendants' arguments for sanctions concern plaintiff's filing of a separate action against these same parties. *See* Fed. R.Civ.P. 41(d). This discussion is premature. Currently pending before the court is the proposed defendants' motion to dismiss for failure to state claim in the related action captioned *Jordan v. Emergency Physicians Associates, P.A., et al.*, Civil Action No. 94–2421 (CSF). Thus, the court will not examine any issues relating to that case until such issues are properly before this court. Accordingly, the proposed defendants' motion for Rule 41 sanctions will be stayed pending resolution of the proposed defendants' motion to dismiss in the related action.