**Laurence JACOBSON, Plaintiff,**

v.

**R. McILWAIN, et al., Defendants.**

**No. 89–14078–CIV.**

United States District Court,
S.D. Florida.

Nov. 9, 1992.

Laurence Jacobson, plaintiff pro se.

Julius Parker, Parker, Skelding, Labasky & Corry, Tallahassee, FL, for defendants Clyde Walls, Sheriff Knowles, John Forte and John Gebo.

Daniel McIntyre, Office of the St. Lucie County Atty., Ft. Pierce, FL, for defendants Havert Fenn and St. Lucie County.

Lee Muschott, Tallahassee, FL, for defendants Rick McIlwain, Lawrence Lawson, Mrs. Thelma Atkinson, Mr. Atkinson, Jane Doe, Florida Dept. of Health and Rehabilitative Services ("HRS") and John Doe.

## OMNIBUS ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Report of Magistrate Judge (DE 101), filed herein by United States Magistrate Judge Ann E. Vitunac, dated September 21, 1992.

The Court has conducted an independent *de novo* review of the entire record herein. The Court being fully advised in the premises and after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The Plaintiff's Request For Telephonic Hearing (DE 74) be and the same is hereby DENIED;

2. The Plaintiff's Motion For Clarification and Motion to be heard by The Honorable William Zloch regarding the Court's August 7, 1992 Order in this cause (DE 94) be and the same is hereby DENIED;

3. The Report of Magistrate Judge (DE 101) filed herein by United States Magistrate Judge Ann E. Vitunac, dated September 21, 1992, be and the same is hereby approved, adopted and ratified by the Court;

4. The Motion For Reconsideration (DE 87) of Defendants Knowles, Forte, Walls, and Gebo be and the same is hereby GRANTED in part as to Defendant Knowles, and DENIED in part as to Defendants Forte, Wall and Gebo;

5. The Motion For Reconsideration (DE 84) of Defendants McIlwain, Lawson, Thelma Atkinson, Mr. Atkinson, Jane Doe, HRS and John Doe be and the same is hereby DENIED;

6. The Motion For Reconsideration (DE 85) of Defendants Fenn and St. Lucie County be and the same is hereby GRANTED;

7. The Defendants Knowles, Fenn and St. Lucie County be and the same are here-

by DISMISSED from this action on the ground of res judicata; and

8. The Plaintiff's Objection to Magistrate's Report And Recommendation and Omnibus Order (DE 102) be and the same is hereby OVERRULED.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

## OMNIBUS ORDER

VITUNAC, United States Magistrate Judge.

This cause is before this Court on order of reference (DE 4), order of re-referral (DE 8), order of remand (DE 82) "for further consideration", and order of reference (DE 93) "for consideration of the issues raised in all motions for reconsideration in any report and recommendation made to the District Court" from United States District Court Judge William J. Zloch.

### Reconsideration Motions

This Court addresses the reconsideration motions first. Upon review of the record, the following motions and responses have been filed in response to this Court's last report and recommendation (DE 75) and the District Court's order (DE 82), reviewing that report and recommendation:

(1) Motion for Reconsideration by Defendants' Knowles, Forte, Walls and Gebo (87)

(2) Plaintiff's Opposition to the Motion for Reconsideration filed by Defendants' Knowles, Forte, Walls and Gebo (DE 83)

(3) Motion for Reconsideration by Defendants' McIlwain, Lawson, Thelma Atkinson, Mr. Atkinson, Jane Doe, Florida Department of Health & Rehabilitative Services ("HRS") and John Doe (DE 84)[1]

(4) Plaintiff's Opposition to and/or Motion to Strike/Dismiss the Motion for Reconsideration filed by Defendants' McIl-

wain, Lawson, Thelma Atkinson, Mr. Atkinson, Jane Doe, Florida Department of Health & Rehabilitative Services ("HRS") and John Doe (DE 89)

(5) Motion for Reconsideration by Defendants' (a) Fenn, Chairman of the Board of County Commissioners of St. Lucie County, Florida and (b) St. Lucie County, Florida (DE 85)[2]

(6) Plaintiff's Opposition to the Motion for Reconsideration filed by Defendants' Fenn and St. Lucie County, Florida (DE 90)

These defense motions for reconsideration were filed after the District Court issued its order. These Defendants request that the District Court reconsider its April 1, 1992 order (DE 82) which overruled this Court's report and recommendation. Specifically, the Defendants suggest that the District Court "overlooked" the second ground raised for dismissal of this action. The Defendants argue that this action is barred by the doctrine of res judicata.

All of the above mentioned defendants "join in and adopt" Defendants' Knowles, Forte, Walls and Gebo's motion for reconsideration on the issue of res judicata. For the record, however, only Knowles, Walls, Forte And Gebo raised res judicata as a ground for dismissal (DE 31, DE 34)[3] in their respective motions to dismiss.

The District Court overruled this Court's report and recommendation and concluded that the allegations constituted a continuing wrong under authority of *Neel v. Rehberg*, 577 F.2d 262 (5th Cir.1978)[4]. The District Court held that to dismiss the action as time-barred by the statute of limitations was premature. The District Court did not address the res judicata argument. Nor did this Court. In its report and recommendation, this Court specifically stated that it would not address the res judicata argument in consideration of its recommendation that the action was dismissable as time-barred (See DE 75, R & R at p. 10).

---

1. These Defendants join in and adopt the Motion for Reconsideration filed by Defendants' Knowles, Forte, Walls and Gebo.

2. These Defendants also join in and adopt the Motion for Reconsideration filed by Defendants' Knowles, Forte, Walls and Gebo.

3. Havert Fenn and St. Lucie County adopted Knowles', et al. res judicata argument (DE 35).

4. As of this writing, *Neel v. Rehberg* remains good law.

For the record, this Court reviewed the original file in *Jacobson v. Knowles, et al.,* Case No. 85–8200–CIV–KING (also referred to as "the 1985 case") before it issued its last report and recommendation. At this juncture, another review of the case is necessary.

The Plaintiff filed the complaint on April 3, 1985. He names only two defendants— Sheriff Knowles and St. Lucie County. He alleges, on a standard form complaint used by prisoners for filing § 1983 actions, that

I have been in the St. Lucie County Jail for the past 18½ months awaiting trial. For 14 months now I have not been out of doors once. No sunshine, no fresh air, no outdoor recreation.

(Complaint at p. 4) As relief, he requested:

I want $250,000 for the physical damage to my physical being for having no sunshine, fresh air, or recreation for so long. I have suffered emotionally from the deterioration of my physical well being.

(Complaint at p. 4).

Service was ordered. Both Knowles and St. Lucie County acknowledged mail service by returning a signed Notice and Acknowledgement of Receipt of Summons and Complaint Form. St. Lucie County filed a motion for summary judgment. Knowles filed an answer with defenses. St. Lucie County argued that: (a) Under Florida law, St. Lucie County is not responsible for the operation of the jail, and (b) A local government, such as a county, cannot be held liable in a § 1983 case under the theory of respondeat superior. In order to sustain an action, a plaintiff must first allege the existence of a policy or custom which resulted in a constitutional deprivation. In support of their motion, St. Lucie County also filed the affidavits of Weldon Lewis, the County Administrator, and Havert Fenn, the Chairman of the Board of County Commissioners. Among other things, each stated that:

Neither the Board of County Commissioners, St. Lucie County, Florida, nor any County employee is responsible for the operation of the jail. Neither the Board nor any County employee is responsible for supervising inmates in the jail.

The District Court referred the case to a U.S. Magistrate Judge. The U.S. Magistrate Judge issued a report and recommendation which recommended that the complaint be dismissed as to Knowles and that summary judgment be granted in favor of St. Lucie County. The report and recommendation stated:

Although the plaintiff alleges the basis of a cause of action under § 1983, his complaint is deficient on other grounds, which merit dismissal. Reading plaintiff's complaint in a liberal fashion [citation omitted], he fails to allege a causal connection between the deprivation of his rights and either defendant.

With respect to St. Lucie County, the report and recommendation stated:

St. Lucie County has submitted sworn, notarized affidavits from the Chairman of the Board of County commissioners and the County Administrator of St. Lucie County. These affidavits attest to the fact that neither the board, the commissioners, nor any County employees are responsible for the operation or supervision of the jail, and no policy or custom of the County or its board dictates the daily operations of the jail.

With respect to Sheriff Knowles, the report and recommendation added:

[T]he Court's holding in *Monell* vitiates the liability of Sheriff Knowles. There can be no respondeat superior liability absent personal involvement of Knowles or the implementation of his policies.

On April 1, 1986, the District Court issued a final order approving and adopting the report and recommendation. The District Court dismissed the complaint as to Knowles and granted summary judgment in favor of St. Lucie County. Approximately two weeks later, on April 16, 1986, after receiving a copy of the Plaintiff's objections to the report and recommendation, the District Court issued a second order of dismissal which affirmed its final order and ordered and adjudged that the entire case be dismissed. About two weeks after that, on April 30, 1986, the District

Court issued another order addressing a motion for reconsideration filed by the Plaintiff which took issue with the District Court's April 16, 1986 order. The District Court denied the motion for reconsideration. The court noted:

> Unless other stated, an order of dismissal is deemed to be with prejudice.

■ With the foregoing put forth, this Court turns to address whether the Plaintiff's instant complaint is barred by the doctrine of res judicata. The doctrine of res judicata

> refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit ... In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*Jaffree v. Wallace,* 837 F.2d 1461 (11th Cir.1988), citing *I.A. Durbin, Inc. v. Jefferson National Bank,* 793 F.2d 1541, 1549 (11th Cir.1986).

Upon review, this Court concludes that there was a final judgment on the merits in the 1985 case, that the final judgment was rendered by a court of competent jurisdiction, and that the cause of action in the 1985 case is virtually identical to that in the instant case. The 1985 case complained of being denied recreation and the instant case complains of being denied recreation and also the use of the telephone. Both arise out of the same factual scenario. The Plaintiff's claim that he was also denied the use of the telephone *could have and should have* been raised in the 1985 case. *See Ray v. Tennessee Valley Authority, et al.,* 677 F.2d 818, 821 (11th Cir.1982) ("The principal test for determining whether the causes of action are the same is whether the primary right and duty or wrong are the same in each case.... The substance of the actions, not the form, controls."). *See also White v. World Finance of Meridian, Inc.,* 653 F.2d 147 (5th Cir.1981).

With these three elements met, the only matter left for this Court to determine is who, if anyone at all, of this multitude of defendants that have joined in these motions for reconsideration, are parties or parties in privity in both of the lawsuits. Only two parties, Sheriff Knowles and St. Lucie County, were named in the 1985 action. Knowles and St. Lucie County are also named as party defendants in this action. This Court concludes that this action against Knowles and St. Lucie County is barred by the doctrine of res judicata as detailed above. Defendants' Knowles and St. Lucie County should be dismissed from this action on this ground.

The next question is whether there are parties in privity with Sheriff Knowles or St. Lucie County who should be dismissed from the action as well. "Privity is defined as a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty". *NAACP v. Hunt, et al.,* 891 F.2d 1555, 1560 (11th Cir.1990). "Privity exists where the nonparty's interests were represented adequately by the party in the original suit". *Id.* "Privity also exists where a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative". *Id.*

■ Defendants' Walls, Forte and Gebo move along with Knowles for reconsideration on the issue of res judicata. The Defendants chose not to explain or describe their positions or their privity with either Knowles or St. Lucie County in their motion for reconsideration[5]. Nor did they identify themselves in earlier pleadings before the court. Therefore, this Court's description of these individuals is borrowed

---

5. The motion for reconsideration stated "in the case at bar, the Defendants are all either the same people, to-wit: the sheriff, Robert Knowles, or his employees or agents who are obviously in privity with him". The Court needs more information than this tidbit in order to issue a recommendation on a case dispositive motion such as this.

from the Plaintiff's amended complaint (DE 11). Walls is a lieutenant at the St. Lucie County Jail, Forte is a St. Lucie County jail administrator and Gebo is the chief medical officer at St. Lucie County Jail. Without more, it is impossible for this Court to determine whether Walls, Forte or Gebo are in privity with either Knowles or St. Lucie County. It is unclear who or what employs these people or if they are acting as agents for either Knowles or St. Lucie County.

■ Havert Fenn moves along with St. Lucie County for reconsideration of the res judicata issue. Unlike the group of defendants above, Havert Fenn is clearly identified as the Chairman of the Board of County Commissioners of St. Lucie County in the complaint and in his own motion for reconsideration. He is both an agent and employee of St. Lucie County. He prepared the affidavit in the 1985 case which was relied upon by the court when it issued the 1985 report and recommendation. This Court concludes that this action against Havert Fenn is barred by the doctrine of res judicata. Fenn should be dismissed from this action on this ground.

■ Lastly, this Court addresses the res judicata argument as it relates to the rest of the moving Defendants—McIlwain, Lawson, Thelma Atkinson, Mr. Atkinson, Jane Doe, HRS and John Doe. Based upon what this Court has determined from the record, McIlwain is an assistant State Attorney, Lawson is a police officer for the City of Port St. Lucie, the Atkinsons have been foster parents through HRS, Jane Doe is an HRS worker on the child abuse team, and John Doe is a prison investigator for the Florida Department of Corrections. As best as this Court can surmise, a number of these parties appear to be state employees. Without more, it is impossible for this Court to determine whether any of these parties are in privity with either Sheriff Knowles or St. Lucie County.

This Court cannot rule on the reconsideration motions by order because the motions

are not directed at this Court's report and recommendation. This Court's authority is limited to making a recommendation to the District Court about the District Court's own order. This Court RECOMMENDS to the District Court that the motions for reconsideration (DE 87, DE 84, DE 85) directed to the District Court's April 1, 1992 Order be GRANTED as to Knowles, St. Lucie County and Havert Fenn and DENIED as to all the rest for the reasons set forth above.

### Assorted Pending Motions

This Court now turns to address all other motions [6] which remain pending in the chronological order in which they have been filed.

(1) Plaintiff's Motion for Court Ordered Default Against Five Defendants (DE 70)

The Plaintiff moves for default against five Defendants: McIlwain, Lawson, HRS, Mrs. Thelma Atkinson and Mr. Atkinson. The Plaintiff contends that default is proper pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. The grounds for the Plaintiff's motion are that these Defendants failed to answer the set of interrogatories and request for production of documents served upon them. He asserts that he moved the Court to compel these Defendants to answer.

This motion for default involves the same discovery requests which were the subject of the Plaintiff's motion to compel. This Court denied that motion to compel without prejudice when it issued the report and recommendation. This Court revisits the Plaintiff's motion to compel below (See No. 8). Accordingly, this Court DENIES the Plaintiff's motion for default.

(2) Plaintiff's Motion for Investigative Services (DE 71)

The Plaintiff asserts that he needs the assistance of "investigative services" to be able to identify the John Doe Defendants which he names in his complaint. The John Does are apparently officers at the St. Lu-

---

**6.** The Plaintiff filed a number of these motions (DE 70, DE 71, DE 72, DE 73, and DE 74) just days before this Court issued its last report and recommendation. Apparently, this Court was unaware that these late-filed motions existed.

cie County Jail. The Plaintiff will have the opportunity to ascertain this information through discovery. Accordingly, this Court DENIES a request for "investigative services".

(3) Plaintiff's Motion for Judgment of Default by the Clerk of Court (DE 72)

■ The Plaintiff moves the Clerk of Court for entry of default against Katherine Bravakis on the ground that she has failed to respond to the complaint. This is the second time the Plaintiff has moved for default against Bravakis. The Clerk of Court denied the first motion as improper (See DE 57). It appears from the record that the Clerk of Court has not taken any action with respect to the second request for entry of default.

Although this motion is directed to the Clerk of Court, it bears some discussion by this Court. Bravakis is not required to respond to the complaint until she has been properly served. Upon review of the record, it is evident that Bravakis has not yet been properly served.

By way of background, the Plaintiff named Bravakis as a Defendant in this action (See DE 11, Amended Complaint, ¶ 15). This Court issued an order, directing the U.S. Marshal to serve a summons with a copy of the amended complaint upon Bravakis (DE 17). The U.S. Marshal attempted service by mail. Because Bravakis did not return a signed Notice and Acknowledgement of Receipt of Summons and Complaint Form (DE 52), mail service fails. *See* Rule 4, Siegel, Practice Commentaries, C4–19.; *Schnabel v. Wells,* 922 F.2d 726 (11th Cir.1991) (A defendant may receive mail service, but can choose not to respond. If mail service fails, the plaintiff must effect personal service.) Therefore, in this case, personal service must be effected upon Bravakis in order for her to be properly served. This Court will direct the U.S. Marshal to personally serve Katherine Bravakis by separate order. *See* Rule 4(c)(2)(B), Fed.R.Civ.P.; *Fowler v. Jones,* 899 F.2d 1088 (11th Cir.1990) (In forma pauperis plaintiff is dependent upon, and entitled to rely upon, the U.S. Marshal to effect service of process.).

(4) Plaintiff's Motion for Extension of Time to Provide Identities for John Doe Defendants (DE 73)

The Plaintiff requests an extension of time to provide this Court with the identities of the John Doe Defendants. This Court GRANTS the Plaintiff additional leave of 90 days from the date of this order in which to determine the identities of the John Doe Defendants.

(5) Plaintiff's Motion for Telephonic Hearing (DE 74)

The Plaintiff requests a hearing by telephone before the court. He requests a court hearing "to hear and rule on pleadings in this cause". The Plaintiff does not indicate whether he seeks a hearing before U.S. Magistrate Judge Vitunac or District Court Judge Zloch. Because this joint order and report and recommendation addresses virtually all pending motions, this Court DENIES the Plaintiff's request for a telephonic hearing before U.S. Magistrate Judge Vitunac. This Court defers ruling on any request for a hearing before Judge Zloch to the District Court.

(6) Plaintiff's Motion for Appointment of Counsel (DE 86)

■ The Plaintiff requests court appointed counsel. Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. *Fowler v. Jones,* 899 F.2d 1088, 1096 (11th Cir.1990); *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987). A finding of exceptional circumstances depends upon the assessment of two basic factors: (1) the type and complexity of the case, and (2) the abilities of the individual bringing it. *Poole v. Lambert* at 1028.

Based upon a review of the facts, this Court finds that there are no exceptional circumstances present in this case which necessitate the appointment of counsel. Accordingly, this Court DENIES the Plaintiff's motion for appointment of counsel.

(7) Plaintiff's Motion for Service of Process upon Additional New Defendants (DE 88)

This Court denied without prejudice the Plaintiff's first motion (DE 64, filed July 5,

1991) to add Bruce Colton and James Midelis as party defendants and to effect service upon them when it issued its last report and recommendation. The Plaintiff's first motion was brought pursuant to Rules 19(a)(1) and 21 of the Federal Rules of Civil Procedure. This second motion reiterates the same request.

Rule 21 provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on terms as are just". Rule 21, Fed.R.Civ.P. In cases where the original suit was timely commenced, but the statute of limitations [7] has since run, motions to add new parties plaintiff or defendant must be made in accord with Rule 15(c). 3A, Moore, *Federal Practice* § 21.04; 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1688; *Neuberg v. Michael Reese Hospital*, 1992 WL 477018, *11, 1992 U.S.Dist. LEXIS 366, *36; *Jordan v. Tapper*, 143 F.R.D. 567, 572 (D.N.J.1992); *Bates v. Tennessee Valley Authority*, 851 F.2d 1366, 1368 (11th Cir.1988). Rule 15(c) authorizes amendments to a complaint which "relate back" to the date of filing the original complaint.

Rule 15(c), the Relation Back of Amendments, was recently amended and became effective on December 1, 1991. Newly revised Rule 15(c) governs this proceeding. *Hill v. U.S. Postal Service*, 961 F.2d 153, 155–156 (11th Cir.1992). Newly revised Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for the service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c), Fed.R.Civ.P.

This Court turns now to briefly review the provisions of the new rule to determine if the Plaintiff can add these defendants. With respect to 15(c)(1), the Advisory Committee Notes on the 1991 Amendments explain:

This provision is new. It is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law. ... Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle relation back than the one provided in this rule, it should be available to save a claim. [citation omitted.] If *Schiavone v. Fortune*, 106 S.Ct. 2379 (1986) implies the contrary, this paragraph is intended to make a material change in the rule.

■ The statute of limitations applied to this § 1983 action is Florida Statute § 95.11. If this Court finds that Florida has a relation back doctrine which would produce a favorable result for the Plaintiff, this Court can apply it in this case. *See e.g., Crowe v. Mullin*, 797 F.Supp. 930 (N.D.Ala.1992). The Florida Rules of Civil Procedure do provide for the relation back of amendments. Rule 1.190(c) reads like the federal rule:

---

7. Viewed under the continuing wrong theory, Jacobson's cause of action accrued on June 30, 1985, the last possible date on which any alleged deprivation occurred. The applicable four year statute of limitations, Florida Statute § 95.11, began to run in this case on June 30, 1985. The District Court held that the Plaintiff's complaint was timely filed. The statute of limitations expired on June 30, 1989. Both of the Plaintiff's motions to add Colton and Midelis as additional defendants were filed well after this date.

When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.

Florida courts interpreting this provision have held, however, that the relation back doctrine is inapplicable where a movant intends to bring entirely new parties into a lawsuit as the Plaintiff in this case moves to do.

The general rule is [that] an amendment which merely corrects a misnomer might well relate back to the date the complaint was originally filed but this relation back rule is inapplicable where the effect is to bring new parties into the lawsuit.

*Francese v. Tamarac Hospital Corporation,* 504 So.2d 546, 547 (Fla. 4 DCA 1987); *Anderson v. Emro Marketing Co.,* 550 So.2d 531, 532 (Fla. 1 DCA 1989). In that Florida's relation back doctrine does not produce a favorable result for the Plaintiff, this Court moves forward to review the remaining provision of the new rule.

█ The language of 15(c)(2) is the same as that used in the former rule. The Plaintiff's claim against Colton and Midelis arises out of the "same conduct, transaction or occurrence" set forth in his original complaint. Given this, this Court turns to determine if the Plaintiff can add these defendants under Rule 15(c)(3). *Jordan v. Tapper,* 143 F.R.D. 567, 573 ("[New Rule 15(c)(3) ] assumes that the claim arises out of the conduct set forth in the original pleading"); *See also Renslow v. City of Chicago,* 1991 WL 296732, *1, 1992 U.S.Dist. LEXIS 357, *2.

With respect to 15(c)(3), the Advisory Committee Notes on the 1991 amendments provide:

This paragraph has been revised to change the result [brought about by the U.S. Supreme Court decision of *Schiavone v. Fortune* [8]], with respect to the problem of the misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of the summons and complaint may not under the revised rule defeat the action on account of a defect in pleading with respect to the defendant's name.

This new provision adds some leeway by adding more time into the calculation. It allows for relation back if the party had notice within the 120 days of the filing of the complaint or longer if good cause is shown.

Rule 15(c)(3), however, only applies in circumstances of a misnamed defendant. It is inapplicable in this case where the Plaintiff is attempting to add entirely new defendants to the action. *See Hurst v. Beck,* 1992 WL 189496, *2–3, 1992 U.S.Dist. LEXIS 11377, *6–7 (the proposed defendant either knew or should have known that, but for a mistake in the identity of the party, the action would have been brought against the proposed defendant); *Adler v. Berg Harmon Associates,* 790 F.Supp. 1235, 1239 (S.D.N.Y.1992) ("Rule 15(c) stands as a device for adding a party who 'but for a mistake concerning the identity of the proper party' would have been named originally"); *Dayton Monetary Associates, et al., v. Donaldson, Lufkin & Jenrette Securities Corp., et al.,* 1992 WL 204374, *8, 1992 U.S.Dist. LEXIS 12283, *24 (Rule 15(c) is a device to cure a mistake concerning the identity of the proper party); *Jordan v. Tapper,* 143 F.R.D. at 573–74. ("For a plaintiff to amend his complaint to add a new defendant, the plaintiff may not merely have failed to sue the proposed party; rather, the plaintiff must have initially sued the wrong party and is attempting to correct the mistake."); *Worthington v. Wilson,* 790 F.Supp. 829, 835 (C.D.Ill.1992) (Court held that relation back did not apply where plaintiff moved to add three defendants, described as "three unknown police officers" in the original complaint, after the statute of limitations had

---

**8.** Under *Schiavone v. Fortune,* in order to add a party, the movant had to prove that the amended complaint arose out of the same conduct set forth in the original complaint and that the party to be added received actual notice of the action (knowing that it was the proper party to be sued) before the statute of limitations expired.

run. "Rule 15(c) [inapplicable] because the amendment did not correct a 'mistake', but rather [attempted to] correct a lack of knowledge at the time of the original complaint").

The Plaintiff has moved to add new defendants to his lawsuit. This is not a circumstance where he is attempting to correct a mistake or "otherwise inconsequential pleading error". *See* Advisory Committee Notes on the 1991 Amendments. The Plaintiff's motion to amend to add these defendants does not relate back under Rule 15(c). Accordingly, this Court DENIES the Plaintiff's motion to add Colton and Midelis as defendants.

(8) Plaintiff's Petition for the Court to Take Further Action (DE 91)

The Plaintiff moves the Court to take further action with respect to two matters: his motion to compel the Defendants to answer his interrogatories and respond to his request for production of documents and his motion to serve additional Defendants Colton and Midelis. The Plaintiff' request to serve additional Defendants has been ruled upon above (See No. 7). In the interests of justice, this Court construes the remainder of the petition regarding the Plaintiff's existing discovery requests to be a renewed motion to compel discovery from the Defendants. The Plaintiff's original motion to compel (DE 58) was denied by this Court in its last report and recommendation.

The Plaintiff contends that several of the Defendants have completely failed to respond to his discovery requests. Accordingly, this Court hereby GRANTS the Plaintiff's renewed motion to compel so that discovery may progress in this case. This Court ORDERS the following: (1) Defendants' Thelma Atkinson, Mr. Atkinson, Lawson, McIlwain and HRS are ORDERED to respond, by answer or objection, to the Plaintiff's first set of interrogatories served in March, 1991; (2) Defendant HRS is ORDERED to respond, by answer or objection, to the Plaintiff's first request for production of documents served in June, 1991; and (3) Defendant McIlwain is ORDERED to respond, by answer or objec-

tion, to the Plaintiff's first request for production of documents served in July 30, 1991. The Defendants are ORDERED to comply within twenty (20) days of the date of this order.

(9) Plaintiff's Motion for Case Management Conference (DE 92)

The Plaintiff moves the court for a pretrial conference. It appears that a pretrial conference has been recently scheduled by the District Court (DE 95). Accordingly, this Court DENIES this motion as moot.

(10) Plaintiff's Motion for Clarification and Motion to be Heard with respect to the District Court's August 7, 1992 Order (DE 94)

This Court DEFERS to the District Court on this motion.

(11) Plaintiff's Response to Court Order and Motion for Rulings (DE 97)

This Court has not yet received a copy of this recently filed motion. Until this Court has had an opportunity to review the grounds for this motion, it remains under advisement.

(12) Plaintiff's Motion for Leave to Amend Complaint (DE 98)

This Court has not yet received a copy of this recently filed motion. Until this Court has had an opportunity to review the grounds for this motion, it remains under advisement.

## RECOMMENDATION

This Court has carefully reviewed the record in this matter, as well as applicable law, and being fully advised in the premises, this Court respectfully,

RECOMMENDS the following to the District Court:

(1) that the Motion for Reconsideration (DE 87) by Defendants' Knowles, Forte, Walls and Gebo be GRANTED in part as to Knowles and DENIED in part as to Forte, Walls and Gebo;

(2) that the Motion for Reconsideration (DE 84) by Defendants' McIlwain, Lawson, Thelma Atkinson, Mr. Atkinson, Jane Doe, HRS and John Doe be DENIED;

(3) that the Motion for Reconsideration (DE 85) by Defendants' Fenn and St. Lucie County be GRANTED.

Based upon the foregoing, this Court further RECOMMENDS that Defendants' Knowles, Fenn and St. Lucie County be DISMISSED from this action on the ground of res judicata.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties shall serve and file written objections to the report and recommendation, if any, with the Honorable William J. Zloch, United States District Court Judge, within ten (10) days of its date.

DONE and ORDERED and SUBMITTED.